Eastern District of Kentucky
FILED

JUN 1 5 2023

AT LEXINGTON
Robert R. Carr
CLERK U.S. DISTRICT COURT

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON**

**UNITED STATES OF AMERICA**

**V.**                                                           INDICTMENT NO. 5:23.CR63.KK.mAS

**JARRETT HOWARD**

\* \* \* \* \*

**THE GRAND JURY CHARGES:**

### COUNT 1
### 21 U.S.C. § 841(a)(1)

On or about December 16, 2021, in Madison County, in the Eastern District of

Kentucky, and elsewhere,

### JARRETT HOWARD

did knowingly and intentionally possess with an intent to distribute  40 grams or more of

a mixture or substance containing a detectable amount of fentanyl, a Schedule II

controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

Before **JARRETT HOWARD** committed the offense charged in this count, he

had a final conviction for a serious drug felony, namely, conspiracy for first degree

trafficking in a controlled substance, less than 2 grams and persistent felony offender,

second degree, for which he served more than 12 months of imprisonment and for which

he was released from serving any term of imprisonment related to that offense within 15

years of the commencement of the instant offense.

## COUNT 2
## 21 U.S.C. § 841(a)(1)

On or about December 16, 2021, in Madison County, in the Eastern District of Kentucky, and elsewhere,

## JARRETT HOWARD

did knowingly and intentionally possess with an intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance, all in violation of 21 U.S.C. § 841(a)(1).

## COUNT 3
## 18 U.S.C. § 922(g)(1)

On or about December 16, 2021, in Madison County, in the Eastern District of Kentucky, and elsewhere,

## JARRETT HOWARD,

knowing that he was convicted in a court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce two firearms, to wit, a Smith and Wesson, model M&P Shield, .40 caliber, SN # HKY1590, and a SCCY pistol, model CPX-2, 9 mm, SN# 289072, all in violation of 18 U.S.C. § 922(g)(1).

## COUNT 4
## 18 U.S.C. § 924(c)(1)(A)

On or about December 16, 2021, in Madison County, in the Eastern District of Kentucky, and elsewhere,

## JARRETT HOWARD

did knowingly possess firearms, a Smith and Wesson, model M&P Shield, .40 caliber, SN # HKY1590, and a SCCY pistol, model CPX-2, 9 mm, SN# 289072, in furtherance of a drug trafficking crime as described in Counts 1 and 2 of this Indictment, all in violation of 18 U.S.C. § 924(c)(1)(A).

## FORFEITURE ALLEGATIONS
### 21 U.S.C. § 853
### 18 U.S.C. § 924(d)
### 28 U.S.C. § 2461

1.  By virtue of the commission of the felony offenses alleged in Counts 1 and 2 of the Indictment, **JARRETT HOWARD** shall forfeit to the United States any and all property used, or intending to be used, to commit and/or to facilitate the commission of the violation(s) of 21 U.S.C. § 841 and any and all property constituting proceeds obtained directly or indirectly as a result of the commission of the violations of 21 U.S.C. § 841. Any and all interest that **JARRETT HOWARD** has in this property is vested in and forfeited to the United States pursuant to 21 U.S.C. § 853.

2.  By virtue of the commission of the offense alleged in Counts 3 and 4 of the Indictment, **JARRETT HOWARD** shall forfeit to the United States any and all firearms and ammunition involved in or used, or intending to be used, in the violation of 18 U.S.C. § 924. Any and all interest that **JARRETT HOWARD** has in this property is vested in and forfeited to the United States pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461.

3.  The property to be forfeited includes, but is not limited to, the following:

**CURRENCY:**

$34,450.00 in United States currency.

**FIREARMS:**

1) a Smith and Wesson, model M&P Shield, .40 caliber, SN # HKY1590;

2) SCCY pistol, model CPX-2, 9 mm, SN# 289072; and

3) All associated ammunition and accessories.

If any of the property listed above, as a result of any act or omission of the Defendant, (A) cannot be located upon the exercise of due diligence; (B) has been transferred or sold to, or deposited with, a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; or (E) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeit substitute property pursuant to 21 U.S.C. § 853(p).

**A TRUE BILL**

████████████████████████

**FOREPERSON**

_CARLTON S. SHIER, IV_

**CARLTON S. SHIER, IV**
**UNITED STATES ATTORNEY**

# PENALTIES

**COUNT 1:** Not less than 5 nor more than 40 years imprisonment, $5,000,000 fine, and 5 years supervised release.

**If prior felony serious drug offense or serious violent crime conviction:** Not less than 10 years imprisonment and more than life imprisonment, $8,000,000 fine, and at least 8 years supervised release.

**COUNT 2:** Not more than 20 years, $1,000,000 fine, and at least 3 years supervised release.

**If prior felony drug offense conviction:** Not more than 30 years imprisonment and more than life imprisonment, $2,000,000 fine, and at least 6 years supervised release.

**COUNT 3:** Not more than 15 years, $250,000 fine and not more than 3 years supervised release.

**If an armed career criminal:** Not less than 15 years nor more than life imprisonment, a fine of not more than $250,000, and not more than 5 years supervised release.

**COUNT 4:** Not less than 5 years imprisonment and not more than life imprisonment consecutive to any other sentence, not more than $250,000 fine, and not more than 5 years supervised release.

**PLUS:** Forfeiture, if applicable.

**PLUS:** Mandatory special assessment of $100 per count.

**PLUS:** Restitution, if applicable.