UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES of AMERICA, | CRIMINAL NO. 5:23-CR-63-KKC |
| Plaintiff, | |
| v. | **OPINION AND ORDER** |
| JARRETT HOWARD, | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This case is before the Court on several motions in limine filed by the parties. (DEs 42, 49, 50, 55.) Trial in this matter is currently scheduled for May 20, 2024. Having reviewed the motions, the Court will analyze each in turn.

**I.  Other Acts Evidence**

The government filed notice of its intent to introduce evidence of the defendant's other acts, which includes evidence of the defendant's instant messages and contacts from his cell phone. (DE 42.) The defendant filed an objection to this notice, arguing that the text messages should be excluded pursuant to Federal Rules of Evidence (FRE) 404(b) or 403. (DE 44 at 2.)

FRE 404(b) states that: "Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, the rule permits this evidence when it is used to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). The government argues that the text messages in question serve to prove the defendant's intent, absence of mistake, planning, and preparation.

These text messages include statements such as "[t]icket for a quarter of dog" and "quarter of smoke," among other examples provided in the government's notice of intent. The government asserts that these text messages are directly probative of the defendant's alleged drug trafficking and serve to show his criminal intent. The government correctly notes that criminal intent to distribute is directly at issue in this case and that the Sixth Circuit looks to "whether the [other acts] evidence relates to conduct that is substantially similar and reasonably near in time to the specific intent offense at issue." *United States v. Hardy*, 643 F.3d 143, 151 (6th Cir. 2011) (internal citations omitted). Here, the Court finds that these text messages are sufficiently analogous to support an inference of criminal intent to distribute the drugs found in the defendant's apartment due to the message's content and close proximity in time to the defendant's arrest. Accordingly, the text messages are admissible under FRE 404(b)(2) because they serve to prove the defendant's intent.

In the alternative, the defendant objects on grounds of the text messages being far more prejudicial than probative under FRE 403. However, evidence is not unfairly prejudicial simply because it hurts the defendant's case. Intent to distribute is a key element of Counts 1 and 2 of the indictment; the government argues that these text messages are probative and strike directly at those elements. The Court agrees and therefore will overrule the defendant's objection to the government's notice of intent to introduce other acts evidence.

## II.     Alleged Dealings with Mark Dell

The defendant moves the Court to prohibit the government from eliciting testimony about his alleged dealings with Mark Dell. He argues that pursuant to FRE 403, this testimony would be unfairly prejudicial and may confuse the issues and mislead the jury. (DE 49 at 1.) In response, the government argues that this testimony would be highly probative as it shows the defendant's intention to commit the drug trafficking crimes at issue. Similar to the defendant's objection to the other acts evidence, evidence is not unfairly prejudicial because it hurts the defendant's case. This testimony regarding the defendant's dealings with Mark Dell strikes directly at the elements of the alleged crimes, making the probative value

greatly outweigh any risk of prejudice in this case. Accordingly, the Court will deny the defendant's motion in limine to preclude testimony regarding his dealings with Mark Dell.

**III.     Kentucky Department of Corrections Inmate ID Card**

The defendant moves the Court to preclude the entering into evidence of his Kentucky Department of Corrections inmate ID card pursuant to FRE 403. He argues that the ID cards are unfairly prejudicial and would be cumulative evidence. (DE 50 at 1.) The government responded to this motion in limine and explained that it does not intend to elicit testimony about the ID being an inmate ID, but anticipates eliciting that "an ID belonging to Defendant was found in the second bedroom of his apartment[.]" (DE 52 at 1.) Accordingly, the Court will grant the defendant's motion as it pertains to the preclusion of entering of the inmate ID card into evidence and to the preclusion of testimony informing the jury that the ID card found by law enforcement was an "inmate" ID card.

**IV.     Relitigation of Suppression Issues**

Finally, the government asked the Court for leave to file a motion in limine that would preclude the defendant from "presenting argument, evidence, or testimony . . . to the jury which raises the issue of probable cause or the legality of the searches executed in this case." (DE 55 at 1.) Given that the deadline to file motions in limine was May 13, 2024 and the government filed its motion on that same day, the Court can find no reason to deny its motion for leave.

This Court already upheld the validity of the searches of the defendant's apartment and cell phone in a previous order. (DE 32.) "Ordinarily, when a motion to suppress is denied before trial, the legal basis of this denial becomes the law of the case for purposes of the trial, subject to appellate review, and the defendant may not relitigate the suppression issue at trial." *United States v. Muhammad*, 340 Fed.Appx. 548, 550 (11th Cir. 2009) (citing *United States v. Montos*, 421 F.2d 215, 220 (5th Cir. 1970)). The Court finds that revisiting this issue at trial would be inappropriate, and there is nothing in the record to suggest that new evidence has arisen to justify the Court's reconsideration of its prior decision.

Further, the government moves to preclude "specific evidence such as body worn camera videos wherein the Defendant himself questions law enforcement officers about how they were able to get the

3

warrants for the searches." (DE 55 at 2.) The Court will grant this request insofar as it precludes the specific instances in the body camera footage where the defendant questions the validity of the warrants in this matter.

V.   Conclusion

For the aforementioned reasons, the Court hereby ORDERS that:

1) The defendant's objection (DE 44) to the government's notice of intent to introduce other acts evidence is OVERRULED;

2) the defendant's motion in limine to prohibit testimony regarding his alleged dealings with Mark Dell (DE 49) is DENIED;

3) the defendant's motion in limine to prohibit the entering of his Kentucky Department of Corrections inmate ID card (DE 50) is GRANTED;

4) the government's motion for leave to file (DE 54) its tendered motion in limine is GRANTED; and

(5) the government's motion in limine to preclude the relitigation of the defendant's suppression motion (DE 55) is GRANTED, in that the defendant cannot relitigate the suppression issues at trial.

This 17th day of May, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY