UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | |
|---|---|
| UNITED STATES of AMERICA,<br>    Plaintiff,<br><br>v.<br><br>JARRETT HOWARD,<br>    Defendant. | CRIMINAL NO. 5:23-CR-63-KKC<br><br>OPINION AND ORDER |

\*\*\* \*\*\* \*\*\*

This case is before the Court on the Government's motion for bond revocation. (DE 60.) On May 20, 2024, the Court conducted a hearing on this matter in open court. For the following reasons, the Court granted the motion and revoked the defendant's bond.

The Government asserts that the defendant violated the conditions of his release pending trial when he visited and threatened a potential witness in his upcoming trial. In addition to home detention, the defendant was to "avoid all contact, directly or indirectly (including electronic means), with any person who is or may be a victim or witness in the investigation of prosecution, except through counsel." (DE 15 at 1.) The Government asserts that the defendant "questioned some financial business between [him and the witness] and then told the witness that he/she should not double cross him." (DE 60 at 1-2.) At this time, the defendant's trial was set to begin in only four days.

"The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer (1) finds that there is . . . clear and convincing evidence that the person has violated any other condition of release; and (2) finds that . . . based on the

factors set forth in section 3142(g) . . . there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community[.]" 18 U.S.C. § 3148(b). Here, the Government has shown by clear and convincing evidence that the defendant violated his conditions of release.

Not only did he not have permission to travel to the potential witness's home, violating his home detention, he was also forbidden from contacting potential witnesses. At the hearing, the defendant did not contest that he traveled to the witness's home and instead characterized it as a detour on his way to his attorney's office. While the USPO gave permission for the defendant to travel to his attorney's office on that day, it did not approve a stop by a potential witness's home—nor would it have. Further, the potential witness reported this encounter to DEA TFO Scott McIntosh, who forwarded the information to the Government. Her phone call with TFO McIntosh was played into the record at the hearing.

The factors in 18 U.S.C. § 3142(g) support the bond's revocation. These factors include the nature and circumstances of the offense, the weight of the evidence, the history and characteristics of the person, and the nature and seriousness of the danger to any person or the community posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4). Here, the defendant was charged with drug trafficking and firearm crimes. Further, the weight of the evidence against the defendant regarding this violation is heavy.

The defendant contacted a potential witness, in-person and at her home, and told her not to "double cross" him. While there was a dispute about whether this referred to an insurance dispute, the evidence strongly suggests that this was about the defendant's upcoming trial. In fact, that was the understanding of the potential witness during her conversation with TFO McIntosh. With his trial fast approaching, the defendant chose to travel to the potential witness's home because he wanted to see her and deter her from

2

double crossing him. Accordingly, the factors supported the revocation of the defendant's bond.

Accordingly, the Court hereby ORDERED as follows:

1) the Government's motion for bond revocation (DE 60) was GRANTED; and

2) the defendant was REMANDED to the custody of the United States Marshals pending further proceedings.

This 28th day of May, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY