UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CRIMINAL ACTION NO. 5:23-CR-00063-KKC-EBA-1

(Related Civil Action No. 5:26-CV-00147-KKC-EBA)

UNITED STATES OF AMERICA, PLAINTIFF,

V. **REPORT AND RECOMMENDATION**

JARRETT HOWARD, DEFENDANT.

*** *** *** ***

Jarrett Howard, a federal prisoner, brings this action under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his conviction and sentence. [R. 125]. The Court recognizes that Howard is proceeding *pro se* and thus, construes his motion more leniently. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The United States filed a response in opposition, [R. 128], to which Howard filed a Reply. [R. 130]. Therefore, this matter is ripe for review.

## FACTS AND PROCEDURAL HISTORY

In November 2021, the Richmond Police Department's (RPD) Detective Hunter Harrison received a tip from a confidential informant (CI) that Howard was distributing pound quantities of heroin/fentanyl to Madison County. [R. 32 at pg. 1]. The CI said that Howard kept "the drugs in his apartment, specifically in the bedroom closet[] located upstairs[.]" [*Id*. (citing [R. 20-1 at pg. 3])]. The informant also stated, in part, that Howard possessed a handgun despite being a "confirmed convicted felon" who "allegedly [had] a prior conviction for Murder in Michigan." [*Id*. (citing [R. 20-1 at pg. 3])].

After receiving the CI's tip, the RPD began investigating Howard's alleged drug dealing, including surveillance on Howard's residence and workplace. [*Id*. at pg. 2]. On December 16, 2021, a search warrant was executed and law enforcement discovered drug evidence, paraphernalia, cash, and two firearms in what the CI claimed was Howard's apartment. [*Id*. at pg. 3]. Further, Howard's cellphone was located on his person when he was arrested. [*Id*.]. The phone was searched pursuant to another warrant on March 8, 2022, which led law enforcement to discover text messages and other data indicative of drug trafficking. [*Id*.].

In June 2023, Howard was indicted on four counts: (1) possession with intent to distribute 40 grams or more of a mixture or substance containing a detectable amount of fentanyl; (2) possession with intent to distribute a quantity of a mixture or substance containing a detectable amount of cocaine; felon firearm possession; and firearm possession in furtherance of a drug trafficking crime. [R. 1]. After pleading not guilty, Howard proceeded to trial, where he was convicted of all counts. [R. 79]. At his sentencing hearing before Judge Karen K. Caldwell, Howard was sentenced to 300 months in prison, followed by eight years of supervision. [R. 93].

Howard appealed his conviction, arguing that the police lacked probable cause to search his apartment and that the obstruction-of-justice enhancement to the sentencing guidelines should not have been applied. *United States v. Howard*, No. 24-5847, 2025 WL 3013362, at *2 (6th Cir. Oct. 28, 2025). His conviction was ultimately upheld by the Sixth Circuit. *See id.* at 5. Howard petitioned the Supreme Court for writ of certiorari, which was denied. [R. 124]. On April 27, 2026, Howard filed the underlying motion under 28 U.S.C. § 2255, seeking to vacate, set aside, or correct his conviction and sentence. [R. 125].

## LEGAL STANDARD

A motion brought pursuant to 28 U.S.C. § 2255 is a collateral attack on a conviction.

A prisoner has a statutory right to collaterally attack his conviction or sentence. *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999). For a federal prisoner to prevail on such a claim, he bears the burden of showing that: (1) his conviction resulted from an error of constitutional magnitude; (2) his sentence was imposed outside the statutory limits; or (3) an error of fact or law occurred that was so fundamental as to render the entire proceeding invalid. *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003), *cert. denied*, 540 U.S. 1133 (2003). If the prisoner alleges constitutional error, he must establish by a preponderance of the evidence that the error "had a substantial and injurious effect or influence on the proceedings." *Watson*, 165 F.3d at 488 (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637–38 (1993)). Alternatively, if he alleges a non-constitutional error, he must establish "a fundamental defect which inherently results in a complete miscarriage of justice . . . an error so egregious that it amounts to a violation of due process." *Id.* at 488 (citing *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

## ANALYSIS

Howard asserts four grounds for relief in his § 2255 motion. [R. 125]. First, Howard argues that the Confrontation Clause was violated when an officer testified about the drug quantities on a lab report because the officer was not the one to issue the report. [*Id*. at pg. 4]. Second, Howard argues that the Confrontational Clause was violated when a CI was used "to obtain warrants" and "to convict" him. [*Id*. at pg. 5]. Third, Howard argues that the District Judge erred in applying the obstruction-of-justice enhancement during sentencing because it violated his First Amendment rights. [Id. at pg. 7]. Further, he argues that the Sixth Circuit erred in reviewing the issue under the wrong standard. [*Id*.]. Finally, Howard argues that his constitutional rights were violated when the CI's statements were not provided in discovery and when the CI did not testify at trial. [*Id*. at pg. 8].

**1. Howard's Arguments are Procedurally Defaulted**

As an initial matter, the United States argues that Howard's arguments are procedurally defaulted because he failed to raise them on his direct appeal. [R. 128 at pg. 1]. "Section 2255 is not a substitute for a direct appeal." *Regaldo v. United States*, 334 F.3d 520, 528 (6th Cir. 2003). Substantive arguments that could've been raised on direct appeal, but were not, are procedurally defaulted. *Mitchell v. United States*, 43 F.4th 608, 614 15 (6th Cir. 2022). Here, of Howard's four claims brought, only one—his argument surrounding the obstruction enhancement applied during sentencing—was raised on direct appeal. *See Howard*, No. 24-5847, 2025 WL 3013362, at *2. Therefore, the other three claims raised by Howard for the first time in his § 2255 motion are procedurally defaulted. However, as discussed below, even *if* Howard's claims were not procedurally defaulted, they would still fail on the merits.

**2. Confrontation Clause**

Howard makes two arguments concerning the Confrontation Clause of the Sixth Amendment. First, he argues that his right of confrontation was violated when Agent McIntosh testified to several reports regarding drug quantity although he was not the person who issued the reports. [R. 125 at pg. 4]. Second, he argues that his right of confrontation was violated when information from a confidential informant ("CI") was used to obtain warrants and convict him. [*Id*. at pg. 5].

The Confrontation Clause guarantees a criminal defendant the right to confront the witnesses against him. U.S. Const. amend. VI. As interpreted by the Supreme Court, the Confrontation Clause bars admission of testimonial out-of-court statements by an unavailable declarant unless the defendant had a prior opportunity to cross-examine. *Crawford v. Washington*, 541 U.S. 36, 68 (2004). "At a minimum, 'testimonial' applies to prior testimony at a preliminary

hearing, before a grand jury, or at a former trial; and to police interrogations." *Id*. The Court later clarified that the testimonial inquiry is concerned with "whether, in light of all the circumstances viewed objectively, the 'primary purpose' of the conversation was 'to create an out-of-court substitute for trial testimony.'" *Ohio v. Clark*, 576 U.S. 237, 250 (2015).

The Sixth Circuit has held that a statement is testimonial when a reasonable person in the declarant's position would anticipate that the statement would be used to investigate or prosecute the accused. *United States v. Cromer*, 389 F.3d 662, 675 (6th Cir. 2004). The Sixth Circuit applied the rules articulated in *Cromer* and *Crawford* to hold that statements made to police in the course of an official investigation are generally testimonial, while statements made to friends and acquaintances are generally non-testimonial. *United States v. Boyd*, 640 F.3d 657, 665 (6th Cir. 2011). The Sixth Circuit has further emphasized that the prosecution can introduce a witness's prior testimony without violating the Confrontation Clause only if the witness is unavailable and the defendant had a prior opportunity to cross-examine. *Earhart v. Konteh*, 589 F.3d 337, 345 (6th Cir. 2009); *Miller v. Genovese*, 994 F.3d 734, 742 (6th Cir. 2021).

a. *Agent Testimony Concerning the Forensic Report*

Howard first argues his right of confrontation was violated when Agent McIntosh testified to several reports regarding drug quantity although he was not the person who issued the reports. [R. 125 at pg. 4]. Howard contends that these statements were used for the truth of the drug weight and, therefore, implicate the Confrontation Clause. [*Id.*]. Moreover, Howard argues that his counsel's stipulation to the admission of the laboratory results reflecting the drug quantities introduced through Agent Harrison at trial was not an effective waiver of his confrontation right since he did not personally stipulate to its admission. [R. 130 at pg. 3]. As explained below, because

his counsel's stipulation to the admission of the laboratory results alone is sufficient, Howard's counsel waived his right of confrontation and ability to challenge that evidence.

The Supreme Court has repeatedly held the Confrontation Clause applies to forensic reports. *E.g.*, *Melendez-Diaz v. Massachusetts*, 557 U.S. 305 (2009); *Bullcoming v. New Mexico*, 564 U.S. 647 (2011); *Smith v. Arizona*, 602 U.S. 779 (2024). Sworn certificates reporting the results of forensic analysis—used to verify the composition, quality, or weight of a substance—are testimonial statements covered by the Confrontation Clause. *Melendez-Diaz*, 557 U.S. at 310. Furthermore, the Court held that the prosecution could not introduce a forensic laboratory report through the in-court testimony of a scientist who did not sign the certification or perform or observe the test reported therein because "the accused's right is to be confronted with the analyst who made the certification." *Bullcoming*, 564 U.S. at 652. Finally, "when an expert conveys an absent analyst's statements in support of his opinion, and the statements [are testimonial and] provide that support only if true, then the statements come into evidence for their truth, and the Confrontation Clause bars their admission." *Smith*, 602 U.S. at 783.

A defendant's right of confrontation can be *waived*, however, including by failing to object to offending evidence. *Melendez-Diaz*, 557 U.S. at 314 (emphasis added). Further, Confrontation Clause protections may be waived by stipulating to the admission of evidence. *See United States v. Chun Ya Cheung*, 350 F. App'x 19, 21-22 (6th Cir. 2009) (finding waiver where defense counsel reached a pretrial agreement about the scope of an agent's testimony and did not object when the government moved to admit the pertinent documents at trial); *Smith v. Cook*, 956 F.3d 377, 384 (6th Cir. 2020) (finding waiver where counsel negotiated a deal in which certain witness descriptions would be admitted as stipulations). Here, although Howard's *counsel* waived his confrontation right, a "personal" waiver under AEDPA review is not necessary; counsel's

stipulation alone can suffice. *Smith*, 956 F.3d at 391. Therefore, because his counsel stipulated to the admission of the laboratory results, Howard waived his right to challenge that evidence.

*b. Confidential Informant*

Howard's second argument is that his right of confrontation was violated when information from a CI was used to obtain warrants and convict him. [R. 125 at pg. 5]. At trial, Detective Harrison described his receipt of information from a CI that "led him to begin an investigation." [R. 130 at pg. 3]. Howard contends that the CI's statements were testimonial and used to obtain warrants and convict him, thus violating his right of confrontation since he had no opportunity to cross-examine the CI. [*Id*. at pgs. 11-12]. However, Howard cannot demonstrate a violation of his right of confrontation because the CI's testimony was provided solely as background and did not "bear on" any element of the charges against him. *Cromer*, 389 F.3d at 676; *United States v. Gibbs,* 506 F.3d 479, 486-87 (6th Cir. 2007).

First, the right to confrontation is a trial right, rather than a pretrial right. *United States v. Burke,* 345 F.3d 416, 426 (6th Cir. 2003) (quoting *Barber v. Page*, 390 U.S. 719, 725 (1968)). Thus, Howard's argument falters from the outset because the Confrontation Clause does not apply to information used to obtain warrants prior to trial. *See United States v. Fortson*, No. 5:24CR295, 2025 WL 1311120, at *6 (N.D. Ohio May 6, 2025) (holding that use of CI statements in search warrant affidavits does not implicate the Confrontation Clause); *United States v. Scantland*, No. 2:04-CR-80773, 2010 WL 6571943, at *12 (E.D. Mich. Dec. 7, 2010), report and recommendation adopted, No. 04-CR-80773, 2011 WL 1642034 (E.D. Mich. May 2, 2011) (holding use of CI statements before a grand jury does not implicate the Confrontation Clause); *see also Goliday v. Rewerts*, No. 21-2753, 2021 WL 8692681, at *2 (6th Cir. Nov. 8, 2021) (noting that the Supreme Court has never held that the Confrontation Clause applies during pretrial hearings); *United States*

*v. Kirby*, 418 F.3d 621, 627 (6th Cir. 2005) (holding that the Confrontation Clause does not apply to revocation or supervised release hearings).

Moreover, the Sixth Circuit distinguishes between two categories of officer testimony concerning warrant-related information when determining whether the Confrontation Clause is implicated. First, testimony that conveys substantive testimonial hearsay—such as an officer's recitation of a CI's statements identifying a defendant, describing their criminal conduct, or providing evidence offered to establish their guilt—may violate the Confrontation Clause if the CI does not testify at trial and the defendant had no prior opportunity for cross-examination.

In *Cromer,* the court found violations where an officer testified that a CI identified a person nicknamed "Nut" as Sean Cromer and provided a physical description of him, because the purpose of this testimony was "to establish the truth of the matter asserted: to prove that Cromer was, indeed, involved in the illegal activity, as stated by the CI." 389 F.3d at 677-78. Further, in *Powers*, violations occurred when an officer testified to the CI's identification of the defendant and his vehicle, as these were offered for the truth of the assertion: "that the person who claimed to have drugs that he was willing to sell to the [CI] was in fact the defendant." *United States v. Powers*, 500 F.3d 500, 509 (6th Cir. 2007).

Conversely, the Confrontation Clause is not implicated when testimony is provided merely by way of background. *Cromer*, 389 F.3d at 676. Moreover, the Confrontation Clause does not apply to testimonial statements for "purposes other than establishing the truth of the matter asserted," such as to impeach a witness's credibility. *Reed v. May*, 134 F.4th 455, 460 (6th Cir. 2025). Sixth Circuit precedent firmly establishes this rule. *See, e.g.*, *Cromer*, 389 F.3d at 676 (finding no violation where out-of-court statements served the purpose of explaining how certain events came to pass or why the officers took certain actions); *Powers*, 500 F.3d at 508 (holding

there is no violation when background testimony only explains why the Government commences an investigation); *United States v. Deitz*, 577 F.3d 672, 684 (6th Cir. 2009) (finding no violation where FBI agent testified about why authorities followed the defendant because it provided mere background information rather than facts going to the heart of the prosecutor's case). Recently, in *Reed*, the court noted this distinction was valid under Supreme Court precedent and held where a CI's statement was admitted to explain why the police searched a particular location—not for the truth of the CI's statement—there was no violation. *Reed*, 134 F.4th at 460. Thus, Harrison's description of the information he received from the CI that led him to begin an investigation was provided only for background, and did not violate Howard's right of confrontation.

**3. Obstruction Sentence Enhancement**

Next, Howard argues that by applying the obstruction enhancement at sentencing, his First Amendment rights were violated. [R. 125 at pg. 7]. Howard also argues that in denying his appeal on the issue, the Sixth Circuit used the wrong standard of review. [*Id*.]. First, Howard's First Amendment rights were not violated when Judge Caldwell applied the obstruction-of-justice enhancement. At sentencing, a district court must increase a defendant's offense level by two if the defendant has obstructed justice. *See* U.S.S.G. § 3C1.1. As the Sixth Circuit explained, there are two requirements for the enhancement to apply:

> The defendant must have "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction[.]" [U.S.S.G. § 3C1.1.]. And the defendant's "obstructive conduct" must relate to "the defendant's offense of conviction" or a "closely related offense" (such as a codefendant's). *Id.* A defendant "obstruct[s]" or "impede[s]" a prosecution if the defendant engages in conduct that "block[s]" or "hinder[s]" it. *United States v. Thomas*, 933 F.3d 605, 610 (6th Cir. 2019) (citation omitted). "[T]hreatening" or "intimidating" a potential witness may qualify as the prototypical conduct that fits this definition. U.S.S.G. § 3C1.1 cmt. n.4(A); *see United States v. French*, 976 F.3d 744, 749 (6th Cir. 2020); *United States v. Robinson*, 813 F.3d 251, 263–64 (6th Cir. 2016).

*Howard*, 2025 WL 3013362, at *3. In this case, Judge Caldwell applied the obstruction enhancement because Howard threatened a woman whom the government perceived as a potential witness by telling her "[d]on't double-cross me" multiple times. *Id*. at *4.

The First Amendment provides that "Congress shall make no law ... abridging the freedom of speech...." U.S. Const. amend. I. However, the protections afforded by the First Amendment are not absolute. Courts have long recognized that the government may regulate certain categories of expression consistent with the Constitution. *Virginia v. Black,* 538 U.S. 343, 358 (2003) (citing *Chaplinsky v. New Hampshire*, 315 U.S. 568, 571–72 (1942)). For example, the First Amendment does not protect "true threats," which "encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Id.* at 360.

Similarly, "[i]ntimidation through threats of physical violence is not protected by the First Amendment." *Singer v. United States*, No. 94-3039, 1994 WL 58956, at *5 (6th Cir. Oct. 24, 1994) (table) (first citing *Watts,* 394 U.S. at 707 (true threats are not constitutionally protected speech); then citing *United States v. Orozco–Santillan,* 903 F.2d 1262, 1265–66 (9th Cir.1990) ("A 'true' threat, where a reasonable person would foresee that the listener will believe he will be subjected to physical violence upon his person, is unprotected by the first amendment."); and then citing *United States v. Mitchell,* 463 F.2d 187, 191 (8th Cir. 1972) (violent threats are devoid of first amendment protection), *cert. denied,* 410 U.S. 969 (1973)). Thus, Howard did not have a First Amendment right to threaten or intimidate a witness, and Judge Caldwell's application of the obstruction-of-justice enhancement was not unconstitutional. *See United States v. Edwards*, 291 F.Supp.3d 828, 832 (S.D. Ohio Dec. 7, 2017) (Explaining that the federal statute criminalizing witness retaliation does not facially violate First Amendment).

Moreover, Howard's argument that the Sixth Circuit applied the wrong standard in reviewing his sentence enhancement argument also fails. In its written opinion, the Sixth Circuit detailed its decision in applying the chosen standard:

> At one time, our cases had chosen conflicting standards of review for a district court's conclusion that the historical facts triggered § 3C1.1. *See Thomas*, 933 F.3d at 608-10. But we recently clarified that we must review this decision for clear error when a court imposes the enhancement based on a defendant's perjury. *See United States v. Jackson*, __ F.4th __, 2025 WL 2788124, at *3–4 (6th Cir. Oct. 1, 2025). And we see no reason to reach a different result when the obstruction arises from a defendant's threats. In both situations, the enhancement turns on a question of historical fact: Did the defendant commit perjury (in *Jackson*) or threaten a witness (in this case)? *See id.* at *3; *United States v. Johns*, 1998 WL 109986, at *5 (6th Cir. Mar. 4, 1998). And we review a district court's answer to this factual question under a deferential clear-error standard. *See Jackson*, 2025 WL 2788124, at *4. In other words, as long as the record rendered the court's answer to the question "plausible," we must uphold it. *United States v. O'Lear*, 90 F.4th 519, 536 (6th Cir. 2024) (citation omitted).

*Howard*, 2025 WL 3013362, at *4.

Here, Howard fails to present any precedent that undermines the Sixth Circuit's decision to apply the clear error standard. Furthermore, as the Government explains, Howard has also not explained how review for plain error would have ended in a different outcome. [R. 128 at pgs. 3-4]. "Ordinarily, the clear error standard is easier to satisfy than plain error because a party does not have to prove that the error affected substantial rights or the fairness, integrity, or reputation of the judicial proceeding." *United States v. Atkins*, 843 F.3d 625, 634 n.2 (6th Cir. 2016). "In any event, it would not matter if [the Court of Appeals] applied plain error review, because there is no practical difference between clear error and plain error review in this context." *Id*. Therefore, Howard's argument that the Court of Appeals applied to wrong standard of review also fails.

**4. CI Statements and Testimony**

Finally, Howard argues that his constitutional rights were violated when the CI's statements were not provided in discovery and when the CI did not testify at trial. [R. 125 at pg.

9]. Specifically, Howard argues that the CI's statements were never provided in discovery, and thus, he was unable to prepare for trial. [*Id.*]. Howard also appears to renew his argument that his rights under the Confrontation Clause were violated because the CI did not testify at trial, and thus, he was unable to cross-examine her. [R. 130 at pgs. 11-12].

The Government argues that the CI's statements included in the warrant affidavit *were* disclosed during discovery. [R. 128 at pg. 5]. This argument is supported by the record, as Howard produced the CI's statements in support of his motion to suppress. [*See* R. 20-1; R. 20-2]. Howard identifies no other CI statements that he believes exist and were not turned over to him. Thus, this argument fails. Further, to the extent that Howard repeats his Confrontation Clause argument regarding the CI's statements, for the reasons explained above, that argument also fails.

## RECOMMENDATION

Upon review of the record, and for the reasons stated herein, and in accordance with Rule 10 of the Rules Governing Section 2255 Habeas Cases, **IT IS RECOMMENDED** that:

1. Howard's Section 2255 motion to Vacate under 28 U.S.C. 2255, [R. 125], be **DENIED**; and
2. A Certificate of Appealability be **DENIED** as to all issues raised, should Howard so request.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections

within fourteen days after being served with a copy thereof. 28 U.S.C. § 636(b)(1)(C); Fed. R. Crim. P. 59(b)(1).

Signed July 31, 2026.

**Signed By:**
***Edward B. Atkins*** EBA
**United States Magistrate Judge**